IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| JULIA SILER, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SOUTHEASTERN REGIONAL MEDICAL CENTER, LLC, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Julia Siler, by and through undersigned counsel, and files this Complaint for Damages against Defendant Southeastern Regional Medical Center, LLC ("Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 28 U.S.C. § 1391(b), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Cogency Global Inc., 900 Old Roswell Lakes Parkways, Suite 310, Roswell, GA, 30076.

# FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA.

7.

Plaintiff began her employment with Defendant, on or about April 30, 2018, as a medical assistant.

8.

At all times relevant to Plaintiff's claims, she suffered from serious health conditions, of which Defendant had knowledge. In particular, Plaintiff suffered from cancer, anxiety, diaphragm paralysis, and high blood pressure.

9.

In or about mid-March 2021, Plaintiff requested accommodations for her disabilities, specifically to be permitted to work on the first floor of the building. Plaintiff was permitted to work on the first floor, until March 2022.

10.

In March 2022, the new Director over Plaintiff's work area, Tanisha Johnson, began requiring Plaintiff to work on the fourth floor, which impacted Plaintiff's health.

11.

On or about March 14, 2022, Plaintiff complained to the Vice President of Talent, Peter Kneedler, as well as the Interim Director of Talent, Mandy Ingraham, that she was being targeted due to her health. Plaintiff further explained that the team working on the fourth floor was rarely able to take a lunch break and that Plaintiff needed a lunch break, due to her disabilities.

12.

On or about March 18, 2022, Plaintiff's physician provided a letter to the Defendant expressing that Plaintiff needed to be permitted to work on the first floor, given her disabilities.

13.

At or around mid-March, Plaintiff made Tanisha Johnson and Peter Kneedler aware that she would be needing to use her PTO beginning on April 8, 2022, as she had scheduled surgery to remove a mass from her kidney.

14.

Plaintiff also applied for and received FMLA intermittent starting on March 28, 2022.

15.

The company that managed Defendant's medical leave, Unum, informed

Plaintiff that she had to call them after her surgery, so they could change her leave status from intermittent to continuous leave.

16.

On or about April 6, 2022, Interim Director Mandy Ingraham terminated Plaintiff.

17.

Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and retaliation.

18.

Defendant availed herself of FMLA protected rights by seeking leave for FMLA protected health issues. Defendant retaliated against Plaintiff for her protected activity by terminating her employment.

19.

In terminating Plaintiff, Defendant retaliated against Plaintiff for her exercise of FMLA rights.

20.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of rights protected by the FMLA.

21.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2021 and 2022 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

22.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

23.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

24.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

25.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

# VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
# COUNTS I AND II
# (FMLA INTERFERENCE AND RETALIATION)

26.

Plaintiff repeats and re-alleges preceding paragraphs 6-25 as if set forth fully herein.

27.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

28.

Plaintiff was an eligible employee under the FMLA.

29.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

30.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

31.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

32.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant from further unlawful conduct of the type described herein; and

(g)     All other relief to which she may be entitled.

This 26th day of October, 2022.

**BARRETT & FARAHANY**

*s/V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com